JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Andre George, appeals the determination of the common pleas court, which classified him as both a sexual predator and a habitual sexual offender, pursuant to R.C.2950.09. For the following reasons, we now affirm appellant's sexual predator classification, but vacate his habitual sexual offender classification.
 {¶ 2} On May 27, 2005, the common pleas court held a sexual offender classification hearing, pursuant to R.C. 2950.09. The hearing was predicated on appellant's 1990 conviction. On July 13, 1990, appellant was indicted on three counts of rape of a child under the age of thirteen, in violation of R.C. 2907.02, and one count of felonious sexual penetration of a child under the age of thirteen, in violation of former R.C. 2907.12. On October 31, 1990, appellant pleaded guilty to an amended charge of attempted rape, in violation of R.C. 2907.02, and the remaining counts were nolled. Appellant was subsequently sentenced to three to fifteen years incarceration.
 {¶ 3} On February 14, 2005, as appellant neared the end of his 15-year prison sentence, the state filed a motion requesting a classification hearing to adjudicate him as a sexual predator. The state presented evidence of the underlying facts of his 1990 conviction, as well as the presentence investigation from that conviction. The state also presented evidence of his 1982 conviction for corruption of a minor. At the close of the hearing, the trial court made specific findings and classified appellant as a sexual predator. The trial court further found him to qualify as a habitual sexual offender. Appellant now appeals, citing one assignment of error.
 {¶ 4} "THE TRIAL COURT ERRED WHEN IT CLASSIFIED APPELLANT AS A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER."
 {¶ 5} Appellant's main contention is that the state did not present sufficient evidence to sustain his classification as a sexual predator. Upon review of the record and the arguments of the parties, we disagree.
 {¶ 6} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). In determining whether an offender is a sexual predator, the court should consider all relevant factors, including but not limited to: the offender's age, prior criminal record regarding all offenses and sexual offenses, the age of the victim, previous convictions, number of victims, whether the offender has completed a previous sentence, whether the offender participated in treatment programs for sex offenders, mental illness of the offender, the nature of the sexual conduct, and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 7} After reviewing the factors, the court "shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence is more than a mere preponderance of the evidence; instead, it must produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." CincinnatiBar Assoc. v. Massengale (1991), 58 Ohio St.3d 121, 122,586 N.E.2d 1222; State v. Hamilton (May 14, 1999), Darke App. No. 1474, quoting In re Brown (1994), 98 Ohio App.3d 337, 342-343,648 N.E.2d 576. We note, however, that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984),10 Ohio St.3d 167, 10 OBR 500, 462 N.E.2d 407.
 {¶ 8} Sexual offender classification hearings under R.C.2950.09 are civil in nature. State v. Gowdy, 88 Ohio St.3d 387,2000-Ohio-355, 727 N.E.2d 579, citing State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570. When conducting a sexual predator hearing, a trial court may rely on information that was not introduced at trial. State v. Thompson (1999),140 Ohio App.3d 638, 748 N.E.2d 1144. R.C. 2950.09(B)(2) does not require that each factor be met, only that each factor be considered by the trial court. Id. Oral findings relative to these factors should be made on the record at the hearing. Statev. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473;State v. Kisseberth, Cuy. App. No. 82297, 2003-Ohio-5500.
 {¶ 9} In reviewing a claim of insufficient evidence, this court reviews de novo. State v. Thompkins, 78 Ohio St.3d 380,386, 1997-Ohio-52, 678 N.E.2d 541. Review is limited to whether there is sufficient probative evidence to support the trial court's determination; that is, whether the evidence against appellant, if believed, would support the determination that the appellant is a sexual predator. Id. at 90; State v. Overcash,133 Ohio App.3d 90, 94, 1999-Ohio-836, 726 N.E.2d 1076. In order to classify an offender as a sexual predator, the state must show that the offender is likely to commit a sex crime in the future, not solely that he committed a sex crime in the past. This court has stated, "a court may adjudicate a defendant a sexual predator so long as the court considers `all relevant factors[,]' which may include a sole conviction." State v. Purser,153 Ohio App.3d 144, 2003-Ohio-3523, 791 N.E.2d 1053, citing State v.Ward (1999), 130 Ohio App.3d 551, 560, 720 N.E.2d 603.
 {¶ 10} It is clear from the record that the trial court's classification of appellant as a sexual predator was supported by competent, credible evidence. The severity of the facts pertaining to the underlying 1990 conviction alone establish a substantial case toward classifying appellant as a sexual predator. According to the record, appellant was babysitting the victim, who was nine years old at the time, and her two brothers. After he sent the two boys upstairs, appellant penetrated the victim's rectum with his penis. He then performed oral sex on the victim and inserted his fingers into her vagina. He also forced the victim to perform oral sex. Appellant abused his status as an authority figure. After appellant had violated this little girl, he attempted to conceal his actions by promising the victim a bicycle if she did not tell anyone what happened. The record also includes further evidence, apart from the 1990 conviction, in support of the trial court's classification.
 {¶ 11} Appellant's appeal emphasizes the fact that the state did not present any expert testimony in support of its case. The Ohio Supreme Court in State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, 743 N.E.2d 881, presented guidelines to aid an appellate court's review to ensure a fair classification hearing, which include: 1) to create a clear record for review; 2) to require an expert, if necessary, to assist the trial court in making a determination concerning the offender's likelihood of recidivism; and 3) to discuss on the record the particular evidence and statutory factors upon which the trial court relies in determining the offender's likelihood of recidivism. Id.
 {¶ 12} The trial court in this case made a clear record for our review. Furthermore, while an expert may be used to aid in a trial court's decision, it is not absolutely necessary. Here the trial court determined it had all the relevant facts it needed to make its classification. The trial court satisfied the third guideline of Eppinger by explaining its position for the record:
 {¶ 13} "Based on the information presented to the Court today through the institutional record, the Presentence Investigation Report and State's Exhibits 1 and 2 [the journal entries of appellant's two convictions], the Court does find after considering the factors listed in Section 2950.09(B)(3) that the offender's age at the time of the offense was 31, that the age of the victim at the time was nine years of age, that at the time the defendant did have a prior record with respect to corruption of a minor, which is considered by the Court at this point to be a finding of guilt in a sexually oriented offense. And the Court also finds that there was no treatment prior to the incarceration for the current offense and that the defendant did complete the Monticello program, apparently has not completed the core program as recommended by the institution. The nature of the sexual contact here is severe in terms of the events that did take place that form the basis of the charge. The Court cannot ignore the severity of the conduct. Again, the Court will consider the promise to remain silent with an inducement such as a bicycle to be another behavior of trying to conceal the crime, which is also an issue in the Court's mind. The fact that there have been two assaults — and I don't use the word assault legally speaking, I mean in terms of the two acts involving minors, both being sexually oriented offenses, and the defendant's past does lead the Court to conclude that the State has met its burden of proof of clear and convincing evidence that the defendant should be labeled a sexual predator * * *." (Tr. 15-16.)
 {¶ 14} In reviewing the underlying facts and the procedure followed in the classification hearing, we uphold the trial court's classification of appellant as a sexual predator.
 {¶ 15} The trial court proceeded, at the request of the prosecutor, to find appellant a habitual sexual offender. The prosecution requested this finding pursuant to R.C. 2950.09(E), which requires a trial court to make findings regarding the offender's status as a habitual sexual offender when an individual has been convicted of or pleaded guilty to a sexually oriented offense. However, R.C. 2950.09(E)(1) states:
 {¶ 16} "If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oriented offense and is a habitual sex offender * * *." (Emphasis added.)
 {¶ 17} Thus, the above statutory language concerns convictions that occurred on or after January 1, 1997. Appellant's conviction occurred prior to January 1, 1997; thus R.C. 2950.09(E) does not apply. Here, the trial court was bound by the dictates of R.C. 2950.09(C). Pursuant to that statutory language, a trial court is to make a determination as to whether an offender is a habitual sex offender only if the offender was not found to be a sexual predator. R.C. 2950.09(C)(2)(c). Once the trial court found appellant to be a sexual predator, the trial court's analysis was complete. Therefore, we vacate the trial court's subsequent habitual sexual offender classification.
 {¶ 18} Appellant's sexual predator classification is affirmed, and his habitual sexual offender classification is vacated.
 {¶ 19} This cause is affirmed in part and vacated in part.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Rocco, J., Concur.