JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Willie Twiggs appeals from the judgment of the Cuyahoga County Court of Common Pleas that found him to be a sexual predator. For the reasons stated herein, we affirm.
 {¶ 2} In 1979, Twiggs was indicted on charges of kidnapping, robbery, and attempted rape. Twiggs pled guilty to the kidnapping offense as charged and was convicted on that count. The remaining counts were nolled pursuant to a plea agreement that was accepted by the court.
 {¶ 3} The kidnapping charge for which Twiggs was convicted provided that Twiggs "unlawfully and purposely and by force, threat or deception removed [the victim] from the place where she was found or restrained her of her liberty for the purpose of engaging in sexual activity with [the victim] and failed to release the victim in a safe place unharmed." Twiggs was sentenced to an indefinite term of incarceration of four to twenty-five years. This term was suspended, and Twiggs was ordered to five years of probation upon the completion of his sentence in two other unrelated cases.
 {¶ 4} In December 1985, a capias was issued for the arrest of Twiggs as a result of an alleged probation violation. Twiggs was arrested in October 1986 and following a hearing in January 1987, was found to be in violation of his probation. The trial court ordered Twiggs' original sentence into execution.
 {¶ 5} In March 1988, Twiggs filed an appeal in this court, challenging his *Page 2 
conviction of kidnapping on the basis that he did not knowingly and intelligently enter his guilty plea. This court affirmed the judgment of conviction in State v. Twiggs (Mar. 10, 1988), Cuyahoga App. No. 53518.
 {¶ 6} In January 2006, Twiggs was released from incarceration and placed under the supervision of the adult parole authority. The state requested a sexual predator adjudication hearing. The trial court held a hearing on April 26, 2006.
 {¶ 7} At the hearing, the state relied on the court psychiatric report, dated April 6, 2006. The report reflected that Twiggs had received a STATIC-99 test score of 6, which shows a high risk of recidivism. It was also revealed that Twiggs had multiple convictions involving different women. With respect to the 1979 kidnapping conviction, it was noted that there was an attempted rape charge as part of the indictment and it was indicated that Twiggs had made sexual comments to a woman as he was trying to steal her purse.
 {¶ 8} Defense counsel indicated on the record that the 1979 kidnapping offense was the last sexually oriented offense that Twiggs had committed. However, counsel conceded that Twiggs had been incarcerated since that time. Defense counsel proceeded to review various factors the court was to consider pursuant to R.C. 2950.01 in classifying Twiggs. Defense counsel indicated that none of the victims were children; the instant case did not involve multiple victims; Twiggs did not use drugs or alcohol to impair the victims; Twiggs does not suffer from mental illness or mental disability; Twiggs' substance abuse was claimed to be sustained and in full *Page 3 
full remission; Twiggs was under the influence of drugs and alcohol when he committed the crimes; Twiggs was incarcerated for nineteen years; and Twiggs was reporting to the adult parole authority and was active in his AA group. Defense counsel also referred to additional factors, including that Twiggs was currently fifty-seven years old, had never failed to complete treatment, was currently in a sexual offenders' program, and had never been married.
 {¶ 9} The court listened to defense counsel's argument concerning these factors and also heard from Twiggs. Twiggs indicated that his alcoholism was to blame for his past behavior and that he had been sober since 1986. Twiggs did admit to having been found in possession of a form of alcohol called "hooch" while he was in prison.
 {¶ 10} The court indicated that it had never seen a STATIC-99 score as high as Twiggs' score. The court found that the STATIC-99 test was the most clear and convincing evidence in the case. The court also considered that the victims of Twiggs' offenses were strangers. The court found that even though Twiggs had been in prison for a long time, there was no indication that his habits or traits had changed over that time. The trial court proceeded to find that Twiggs was a sexual predator.
 {¶ 11} The journal entry issued by the court adjudicated and classified Twiggs as a sexual predator. The court indicated that it had considered all of the evidence and arguments presented by the parties, and all other relevant factors, including, but *Page 4 
not limited to, the factors listed in R.C. 2950.09(B). The court found by clear and convincing evidence that Twiggs was likely to engage in one or more sexually oriented offenses in the future. The court found Twiggs to be a sexual predator based upon the STATIC-99 test that placed Twiggs in the "high" risk category and because of his prior sex offenses.
 {¶ 12} Twiggs filed this appeal, raising three assignments of error for our review. His first assignment of error provides as follows:
 {¶ 13} "I: The trial court erred in finding Mr. Twiggs to be a sexual predator and ordering him to register as such where Mr. Twiggs was not found guilty of a sexually oriented offense."
 {¶ 14} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Kidnapping is a sexually oriented offense if it is committed with a sexual motivation. R.C. 2950.01(D)(1)(c).
 {¶ 15} Twiggs argues that the state failed to present any evidence to establish that the underlying offense was committed with a sexual animus. A review of the record reflects that the charge for which Twiggs was convicted was kidnapping "for the purpose of engaging in sexual activity" with the victim. The hearing transcript reflects that defense counsel conceded at oral argument that the 1979 kidnapping was a sexually oriented offense. Accordingly, we find no merit to this assignment of *Page 5 
error and overrule it.
 {¶ 16} Twiggs' second assignment of error provides as follows:
 {¶ 17} "II: As held by the Ohio Supreme Court in State v.Thompson, the trial court erred in determining that appellant was a sexual predator without considering, or placing upon the record any of the relevant factors codified at R.C. 2950.09(B)(2)."[1]
 {¶ 18} Pursuant to R.C. 2950.09(B)(4), a trial court has to determine by clear and convincing evidence that an offender is a sexual predator. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, 2001-Ohio-247, citing Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 19} In reviewing a sexual predator classification, "this court's role is to determine whether the weight of the evidence supports the trial court's decision. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. *Page 6 Forbes, Cuyahoga App. No. 87473, 2006-Ohio-5612, quoting State v.Hills, Cuyahoga App. No. 78546, 2002-Ohio-497 (internal citations omitted).
 {¶ 20} The key to any sexual predator hearing is determining whether the offender is likely to reoffend in the future. In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C.2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 21} The court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination as to the sexual offender classification.Eppinger, 91 Ohio St.3d at 166. However, a trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator, so long as its determination is grounded upon clear and convincing evidence. State v.Purser, 153 Ohio App.3d 144, 149, *Page 7 2003-Ohio-3523; see, also, State v. Forbes, supra. Furthermore, the court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. Eppinger, 91 Ohio St.3d at 166;State v. Machado, Cuyahoga App. No. 87609, 2006-Ohio-6423.
 {¶ 22} Twiggs argues that the record in this case is devoid of any indication that the court considered the factors listed in R.C.2950.09(B)(3). A review of the transcript reflects that defense counsel reviewed these factors with the court. Ultimately, the court relied upon the court psychiatric report and the STATIC-99 results, which showed a high risk of recidivism.[2] The court considered that Twiggs had multiple convictions involving different women and that the victims of Twiggs' offenses were strangers. There was clearly a pattern of behavior involved. The court found that even though Twiggs had been in prison for a long time, there was no *Page 8 
no indication that his habits or traits had changed over that time. Also, the court stated in its journal entry that it had considered the relevant factors.
 {¶ 23} We find that the transcript in this matter reflects the particular evidence upon which the trial court relied in making its adjudication and shows that the trial court considered several of the R.C. 2950.09(B) factors in labeling Twiggs a sexual predator. Moreover, the transcript reflects that the trial court's decision was supported by competent, credible evidence. Accordingly, we conclude the trial court did not err in finding that Twiggs was a sexual predator and overrule Twiggs' second assignment of error.
 {¶ 24} Twiggs' third assignment of error provides the following:
 {¶ 25} "III. The trial court erred in failing to make a finding regarding the appellant's status as a potential habitual sexual offender." {¶ 26} Twiggs claims the trial court erred by failing to make a finding regarding his status as a habitual sexual offender pursuant to R.C. 2950.09(E). R.C. 2950.09(E)(1) states the following:
 {¶ 27} "If a person is convicted of or pleads guilty to committing,on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oriented offense and is a habitual sex offender * * *." *Page 9 
(Emphasis added.)
 {¶ 28} The above statutory language concerns convictions that occurred on or after January 1, 1997. In this case, Twiggs' conviction occurred prior to January 1, 1997; thus, R.C. 2950.09(E) does not apply. SeeState v. George, Cuyahoga App. No. 86487, 2006-Ohio-1100. Rather, the trial court was bound by the dictates of R.C. 2950.09(C). Id. Pursuant to that section, a trial court is to make a determination as to whether an offender is a habitual sex offender only if the offender was not found to be a sexual predator. R.C. 2950.09(C)(2)(c). Id. Once the trial court found appellant to be a sexual predator, the trial court's analysis was complete.
 {¶ 29} Twiggs' third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR.
[1] We note that the factors are actually contained in R.C.2950.09(B)(3).
[2] Previously, we noted that "The utility of the STATIC-99 evaluation as a diagnostic tool for individual risk assessment is open to question. The evaluation merely performs an actuarial assessment of an offender's chances of reoffending. See State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967. While actuarial risk assessments are said to outperform clinical risk assessments, actuarial assessments do not, and cannot, purport to make a prediction of a particular offender's future conduct. In fact, the use of an actuarial assessment could arguably be at odds with Ohio's statutory scheme. R.C. 2950.01(E) and R.C. 2950.09(B) require a determination that the offender is likely to engage in the future in one or more sexually oriented offenses. This is an individualized determination for a particular offender. The STATIC-99 cannot purport to make an individualized assessment of future conduct any more than a life expectancy table can provide an accurate prediction of a particular individual's longevity." State v. Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Nevertheless, in this instance the court considered other evidence besides the STATIC-99 test result. *Page 1