[Cite as *State v. Buskirk*, 2014-Ohio-5551.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 101221

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### GERALD VAN BUSKIRK

DEFENDANT-APPELLANT

---

### JUDGMENT:
#### AFFIRMED IN PART; VACATED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-88-234906-A

**BEFORE:** Kilbane, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 18, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street
2nd Floor
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Gerald Van Buskirk ("Van Buskirk"), appeals his sexual predator and habitual sexual offender classifications. For the reasons set forth below, we affirm his sexual predator classification and vacate his habitual sexual offender classification.

**{¶2}** In February 1989, Van Buskirk was charged with three counts of rape and one count of kidnapping. Each count carried a prior aggravated felony specification. The facts underlying these charges were set forth by this court in Van Buskirk's previous appeal, *State v. Van Buskirk*, 8th Dist. Cuyahoga No. 57800, 1994 Ohio App. LEXIS 4409. On December 14, 1988, the victim was introduced to Van Buskirk by a mutual acquaintance. The acquaintance suggested that the three of them go to a bar. At the end of the night, they left the bar together and Van Buskirk was to give the mutual acquaintance and the victim a ride home. Van Buskirk dropped off the acquaintance and then took the victim to his apartment in Lakewood. The victim repeatedly asked to be taken home. Van Buskirk told the victim that he wanted to show her his apartment, so she accompanied him inside. Once inside, Van Buskirk hit the victim and repeatedly raped her. *Id.*

**{¶3}** The matter proceeded to a jury trial in April 1989, at which he was found guilty of all counts. At sentencing, the trial court found kidnapping to be an allied offense and sentenced him to three consecutive terms of 14 to 25 years in prison.

**{¶4}** In December 1996, Van Buskirk filed his delayed appeal. In his appeal, Van Buskirk challenged his convictions, defense counsel's effectiveness, and alleged prosecutorial misconduct. We affirmed the judgment of the trial court, finding sufficient evidence to sustain his convictions, defense counsel was effective, and no prosecutorial misconduct.

**{¶5}** In May 1999, the state of Ohio ("state") requested a sexual predator adjudication. A hearing was not held in the matter until March 2014. Prior to the hearing, the court referred Van Buskirk to the court psychiatric clinic for an H.B. 180 evaluation and a Static-99 evaluation.

**{¶6}** At the March 2014 hearings, the trial court indicated that Van Buskirk and all other parties had received notice of the H.B. 180 hearing, and all parties waived any defects in the notification of the H.B. 180 hearing.[1] The trial court indicated that it received records from the Department of Rehabilitation and Correction and the court's clinic evaluation. Defense counsel stipulated to both reports. The state offered exhibits into the record, including journal entries indicating prior convictions for rape in 1981, attempted rape in 1979, and aggravated assault in 1972.

**{¶7}** The state argued that the Static-99 score placed him at the moderately high risk of reoffending, taking into account Van Buskirk's age, and if that was not taken into account, then he was at a high-risk category. The state noted Van Buskirk's history of substance abuse issues, his failure to complete treatment, and Van Buskirk's diagnosis of antisocial personality disorder.

**{¶8}** The trial court stated that it reviewed the file. The court noted the nature of the offense, his prior convictions, the Static-99 score, and Van Buskirk's lengthy criminal history, which included rape, attempted rape, aggravated assault, and parole and probation violations. The trial court found that Van Buskirk was a sexual predator and, at a minimum, an habitual sexual offender.

**{¶9}** Van Buskirk now appeals, raising the following four assignments of error for review, which shall be discussed together where appropriate.

---

[1]The matter was initially held on March 25, 2014, and concluded on March 31, 2014.

Assignment of Error One

The trial court erred by finding that [Van Buskirk] was both a[n] habitual sex offender and a sexual predator.

Assignment of Error Two

The evidence is insufficient, as a matter of law, to prove by clear and convincing evidence, that [Van Buskirk] is "likely to engage in the future in one or more sexually oriented offenses."

Assignment of Error Three

The trial court was without jurisdiction to conduct a sexual predator hearing.

Assignment of Error Four

The finding that [Van Buskirk] was a sexual predator is against the manifest weight of the evidence.

Dual Sex Offender Classification

{¶10} In the first assignment of error, Van Buskirk argues that the trial court erred by finding him to be both an habitual sexual offender and a sexual predator. The state concedes that the habitual sexual offender determination was "extraneous."

{¶11} In the instant case, the trial court proceeded, at the request of the state, to find Van Buskirk an habitual sexual offender in addition to finding him a sexual offender. This court has previously addressed this issue in *State v. George*, 8th Dist. Cuyahoga No. 86487, 2006-Ohio-1100. In *George*, the trial court found the defendant to be an habitual sexual offender and a sexual predator. We found that since the defendant was convicted prior to 1997, the trial court was bound by the dictates of R.C. 2950.09(C). *Id.* at ¶ 17. "Pursuant to that section, a trial court is to make a determination as to whether an offender is an habitual sex offender only if the offender was not found to be a sexual predator. R.C. 2950.09(C)(2)(c). *Id.*" We held that once the trial court found the defendant to be a sexual predator, the trial

court's analysis was complete. *Id.* Therefore, we vacated the defendant's habitual sexual predator classification. *Id.*

{¶12} Likewise, in the instant case, the trial court was bound by the dictates of R.C. 2950.09(C) to make a determination as to whether Van Buskirk is an habitual sexual offender only if he was not found to be a sexual predator. Once the trial court found Van Buskirk to be a sexual predator, the trial court's analysis was complete. Therefore, we vacate the trial court's subsequent habitual sexual offender classification. *See also State v. Twiggs*, 8th Dist. Cuyahoga No. 88142, 2007-Ohio-1302.

{¶13} The first assignment of error is sustained.

Sexual Predator Classification

{¶14} In the second and fourth assignments of error, Van Buskirk challenges his sexual predator classification. He argues there was no evidence presented, which would have been sufficient to maintain a finding by clear and convincing evidence that he was a sexual predator.

{¶15} In *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, the Ohio Supreme Court held that

> [b]ecause sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex offender classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence.

*Id.* at syllabus.

{¶16} The civil manifest weight of the evidence standard "affords the lower court more deference than the criminal standard." *Id.* at ¶ 26. "Thus, a judgment supported by 'some competent, credible evidence going to all the essential elements of the case' must be affirmed." *Id.*, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

**{¶17}** "To earn the most severe designation of sexual predator, the defendant must have been convicted of or pled guilty to committing a sexually oriented offense and must be 'likely to engage in the future in one or more sexually oriented offenses.' R.C. 2950.01(E)." *State v. Eppinger*, 91 Ohio St.3d 158, 161, 743 N.E.2d 881 (2001). The state has the burden of proving that the offender is a sexual predator by clear and convincing evidence. *Wilson* at ¶ 20, citing R.C. 2950.09(B)(4).

**{¶18}** "Clear and convincing evidence is evidence that 'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The "clear-and-convincing standard requires a higher degree of proof than a 'preponderance of the evidence,' but less than 'evidence beyond a reasonable doubt.'" *Id.*, quoting *State v. Ingram*, 82 Ohio App.3d 341, 346, 612 N.E.2d 454 (2d Dist.1992).

**{¶19}** In making its determination as to whether an offender is a sexual predator, the trial court must consider all relevant factors to determine whether the individual is likely to engage in future sex offenses. These factors include, but are not limited to, the offender's age and prior criminal record; the age of the victim; whether the sex offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the sex offense; if the offender has previously been convicted of or pleaded guilty to any criminal offense; whether the offender completed a sentence for any conviction and, if a prior conviction was for a sex offense, whether the offender participated in any available program for sex offenders; whether the offender demonstrated a pattern of abuse or displayed cruelty toward the victim; any mental illness or disability of the offender; and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a)-(j).

**{¶20}** The "trial court is not required to individually assess each of these statutory factors on the record nor is it required to find a specific number of these factors before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence." *State v. Caraballo*, 8th Dist. Cuyahoga No. 89757, 2008-Ohio-2046, ¶ 8, citing *State v. Ferguson*, 8th Dist. Cuyahoga No. 88450, 2007-Ohio-2777; *State v. Purser*, 153 Ohio App.3d 144, 149, 2003-Ohio-3523, 791 N.E.2d 1053 (8th Dist.2003). "The court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication." *Caraballo* at ¶ 8, citing *Ferguson*; *Eppinger*, 91 Ohio St.3d at 166, 743 N.E.2d 881 (2001).

**{¶21}** Applying R.C. 2950.09(B)(3) to the facts of this case, we find that multiple factors are satisfied such that there exists clear and convincing evidence supporting the trial court's decision to classify Van Buskirk as a sexual predator. Van Buskirk was 66 years old at the time of the hearing in 2014, and 40 years old when he raped the victim in 1988. Van Buskirk's criminal history consists of a 1981 rape conviction, a 1979 attempted rape conviction, and a 1972 aggravated assault. The court noted that two of Van Buskirk's other crimes were sexual in nature. In the instant case, the court stated that

> the rape was violent based on the scenario that I read. [Van Buskirk] struck her, damaged her glasses, and threatened to hurt her if she did not cooperate with sexual intercourse. And for approximately a three hour period, this defendant had oral, vaginal, and anal sex with the victim. He made her lay on her side so he could attempt sexual intercourse so he could get an erection.

**{¶22}** The Static-99 placed him at a high risk for reoffending. However, with his age factored in, he was then placed in the moderately high risk for reoffending. His score was equated with the following determination for recidivism: Van Buskirk is 39 percent likely to commit another sexual offense within five years, 45 percent more likely to commit another

sexual offense in 10 years, and 52 percent more likely to commit another sexual offense in 15 years. Furthermore, the record reflects that Van Buskirk did not complete his sexual offender programs while incarcerated, and he did not complete his substance abuse treatment. Van Buskirk was also diagnosed with antisocial personality disorder.

{¶23} Thus, after reviewing the record, including Van Buskirk's age, prior criminal history, lack of treatment, mental illness, the Static-99 results and recidivism factors as applied to R.C. 2950.09(B)(3), we find the trial court's classification of Van Buskirk as a sexual predator is supported by competent, credible evidence.

{¶24} Accordingly, the second and fourth assignments of error are overruled.

Jurisdiction

{¶25} In the third assignment of error, Van Buskirk argues the trial court was without jurisdiction to conduct a sexual predator classification hearing.

{¶26} Under R.C. 2950.09(C), where the offender was sentenced prior to January 1, 1997, and is still serving a term of imprisonment in a state prison, the sexual predator classification hearing may occur after the Department of Rehabilitation and Correction recommends whether the offender be adjudicated a sexual predator. *Id.* at 2950.09(C)(1) and (2). *See also State ex rel. Bruggeman v. Ingraham*, 87 Ohio St.3d 230, 232, 1999-Ohio-27, 718 N.E.2d 128. The court may then conduct a hearing to determine whether the offender is a sexual predator. R.C. 2950.09(C)(1) and (2).

{¶27} Van Buskirk argues that because the Department of Rehabilitation and Correction did not initiate the proceedings as required by R.C. 2950.09, the trial court was without jurisdiction to conduct the sexual predator hearing. However, there is nothing in the record to support Van Buskirk's contention. When considering any argument raised on appeal, a

reviewing court is limited to considering only those matters found in the record. *State v. Bonds,* 8th Dist. Cuyahoga No. 83866, 2004-Ohio-3483, ¶ 14, citing *Volodkevich v. Volodkevich*, 48 Ohio App.3d 313, 314, 549 N.E.2d 1237 (9th Dist.1989). Further, the appellant has the duty to provide a reviewing court with a record of the facts, testimony, and evidentiary matters that are necessary to support the appellant's assignments of error. *Id. See also* App.R. 9(B) and 10(A). In the absence of such evidence within the record, this court must presume the regularity of the proceedings below. *Id.*

{¶28} Here, the record indicates that the trial court requested an "H.B. 180 packet" from the facility where Van Buskirk was incarcerated as well as Van Buskirk's prison file. At the sexual predator hearing, the trial court stated that all parties had received notice of the H.B. 180 hearing and all parties waived any defects in the notification of the H.B. 180 hearing. Furthermore, the trial court noted at the hearing and in a journal entry that it was in receipt of the February 2014 Adult Parole Authority's "notice of offender's hearing." The court imposed its classification after due consideration of all relevant factors and opposed any modification or reduction in Van Buskirk's sentence. Based on the foregoing, we presume regularity and conclude that the court was within its jurisdiction to conduct the sexual predator hearing.

{¶29} The third assignment of error is overruled.

{¶30} Accordingly, Van Buskirk's sexual predator classification is affirmed, and his habitual sexual offender classification is vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR