JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, appellant Allen G. Robinson appeals the trial court's decision to classify him as a sexual predator. He assigns the following error for our review:
"I. The trial court erred in classifying appellant as a sexualpredator."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Robinson's sexual predator classification. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Robinson in 1983 for kidnapping and rape. The charges arose out of Robinson and three other co-defendants kidnapping a woman from a street corner, taking her to an abandoned area, where they put a bag over her head and commenced raping her. The gang rape was interrupted when police arrived on the scene. Robinson entered a plea to attempted rape; the kidnapping charge was nolled. The trial court sentenced Robinson to two-to-fifteen years in prison.
 {¶ 4} After being released on parole, Robinson committed aggravated robbery with a gun. Along with revoking Robinson's parole, the trial court sentenced Robinson to fifteen-to-twenty-five years for the aggravated robbery. Robinson was released from prison in September 2004. A sexual predator hearing was conducted in December 2005. Based on the evidence presented at the hearing, the trial court classified Robinson as a sexual predator.
 Sexual Predator Classification {¶ 5} In his sole assigned error, Robinson argues the trial court erred by classifying him as a sexual predator because the State failed to present clear and convincing evidence that he was likely to commit another sexual offense in the future. We disagree.
 {¶ 6} The Ohio Revised Code defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses."[1]
 {¶ 7} The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually-oriented offense and that the offender is likely to engage in the future in one or more sexually-oriented offenses.[2] "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."[3]
 {¶ 8} In State v. Hills,[4] we explained our standard of review of a sexual predator classification as follows:
"[T]his court's role is to determine whether the weight of theevidence supports the trial court's decision. State v. Cook,supra, 83 Ohio St.3d at 426; State v. Childs,142 Ohio App. 3d 389, 755 N.E.2d 958 (Apr. 19, 2001). Decisions that aresupported by competent, credible evidence will not be reversed bya reviewing court as being against the manifest weight of theevidence. Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77,461 N.E.2d 1273; State v. Cook, supra, 83 Ohio St.3d 404;State v. Steele, supra, 2000 Ohio App. LEXIS 4046. Moreover,this court must be mindful that the weight to be given theevidence and the credibility of the witnesses are mattersprimarily for the trier of fact. State v. DeHass (1967), 10Ohio St.2d 230, 39 Ohio Op.2d 366, 227 N.E.2d 212, syllabus 1.
 {¶ 9} R.C. 2950.09(B)(3) provides the factors a trial court is to consider in making a classification determination. Although many of the factors set forth "involve what may be considered old conviction data which may be found in the court's file," the list is not designed to be exclusive.[5] Rather, the trial court "shall consider all relevant factors."[6]
 {¶ 10} In the instant case, the trial court considered Robinson's institutional record and report by the Court Psychiatric Clinic, along with the State's evidence, and concluded several of the R.C. 2950.09(B)(3) factors weighed heavily in favor of labeling Robinson a sexual predator. Specifically, the trial court noted that Robinson has an extensive criminal history, dating back to age eleven. His adult convictions were often violent and included attempted murder, kidnapping and robbery with a firearm, felonious assault for shooting a man in the back, another kidnapping charge with a firearm, aggravated robbery, and breaking and entering.
 {¶ 11} The trial court also took into consideration that Robinson suffers from an antisocial personality disorder and received a score on the Static-99 test that placed him in the high risk of reoffending category. According to the test score, his risk of reoffending at five, ten, and fifteen years is 39%, 45% and 52%, respectively.
 {¶ 12} Regarding the rape, which was the subject of the sexual predator hearing, the court considered the fact the rape was particularly brutal in that multiple offenders were involved in the rape, a bag was placed over the victim's head, and a knife was used to subdue her.
 {¶ 13} Based upon our review of the record, we conclude the trial court's decision to classify Robinson as a sexual predator is supported by competent, credible evidence. Robinson contends his age of fifty-four and the fact the rape was his only sex offense makes it unlikely he will reoffend. However, Robinson's extremely violent past, along with the brutality involved in the rape, heavily support the trial court's decision to classify him as a sexual predator. Accordingly, Robinson's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J., Concur.
[1] R.C. 2950.01(E); State v. Winchester (2001),145 Ohio App.3d 92.
[2] State v. Eppinger (2001), 91 Ohio St.3d 158.
[3] Id., citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
[4] Cuyahoga App. No. 78546, 2002-Ohio-497.
[5] State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247.
[6] R.C. 2950.09(B)(3).