JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Manuel Machado ("defendant") appeals the judgment of the Cuyahoga County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons that follow, we believe the trial court's conclusion was supported by clear and convincing evidence and therefore affirm.
 {¶ 2} On November 2, 2005, defendant plead guilty to 12 counts of sexual battery in violation of R.C.2907.03(A)(5), felonies of the third degree. The charges stemmed from a pattern of sexual abuse against his 13-year-old son. Defendant was subsequently sentenced to a 10-year term of imprisonment.
 {¶ 3} On November 23, 2004, the trial court conducted a sexual predator hearing. On the same date, the trial court adjudicated defendant a sexual predator. Defendant now appeals and asserts the following sole assignment of error:
 {¶ 4} "I. The trial court erred in finding the appellant to be a sexual predator pursuant to the Ohio Revised Code Section 2950.09."
 {¶ 5} Pursuant to R.C. 2950.09(B)(4), a trial court has to determine by clear and convincing evidence that an offender is a sexual predator. A sexual predator is an individual who has been convicted of a sexually oriented offense and is likely to commit a sexually oriented offense in the future. R.C. 2950.01(E)(1).
 {¶ 6} In making a sexual predator determination, a trial court should consider all relevant factors, which include, but are not limited to, the following: the offender's age, the offender's prior criminal record, the age of the victim, whether the sexually oriented offense for which sentence was imposed involved multiple victims, whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, whether the offender has participated in available programs for sexual offenders, any mental illness or mental disability of the offender, the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, whether the offender displayed cruelty during the commission of the crime, and any additional behavioral characteristics that contributed to the offender's conduct. R.C. 2950.09(B)(3); State v. Shields, Cuyahoga App. No. 85998,2006-Ohio-1536.
 {¶ 7} A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. State v. Purser (2003), 153 Ohio App.3d 144, 149. Furthermore, the court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication. State v.Eppinger (2001), 91 Ohio St.3d 158, 166.
 {¶ 8} Here, in adjudicating the defendant a sexual predator, the trial court systematically addresses the enumerated factors in R.C.2950.09(B)(2) and made the following findings:
 {¶ 9} The defendant was 47 years of age at the time of trial;
 {¶ 10} The defendant has no prior criminal record;
 {¶ 11} The victim of the sexually oriented offense for which sentence was imposed was between the ages of 7 to 12, over a five-year period, at the time of the crimes;
 {¶ 12} The sexually oriented offense for which the sentence was imposed did not involve multiple victims. However, there was a father-son relationship between the offender and the victim;
 {¶ 13} The defendant did not use drugs or alcohol to impair the victim or to prevent the victim from resisting;
 {¶ 14} The defendant has not been convicted of another criminal offense;
 {¶ 15} The defendant has no history of mental illness. Dr. Aronoff's report indicates a low potential for reoffending;
 {¶ 16} The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included viewing pornography, fellatio and anal intercourse. In considering the allegations of the minor victim, the defendant's sexual actions were a part of a demonstrated pattern of abuse;
 {¶ 17} The nature of the defendant's actions during the commission of the sexually oriented offense indicated that there was potential for cruelty to this individual;
 {¶ 18} Additional behavioral characteristics that contributed to the defendant's conduct include the following:
 {¶ 19} This was a relationship between a father and a son;
 {¶ 20} At the time of the offense or offenses, the victim was between the age of six and twelve * * * this happened over a period of five years;
 {¶ 21} There was a pattern of abuse.
 {¶ 22} Defendant argues that, notwithstanding the court's findings, most of the statutory factors weighed against a sexual predatory determination. In particular, defendant places great weight on the fact that in the Static-99 report, a series of tests designed to recognize if a child molester is likely to reoffend, he scored in the low-risk-to-reoffend range.
 {¶ 23} A trial court is not required to rely solely on psychiatric findings or opinions in its determination regarding the likelihood of recidivism. State v. Robertson (2002), 147 Ohio App.3d 94, 101. Rather, the psychiatric evidence is to be viewed in totality with the other evidence before the court. Id. Indeed, we have consistently held that a "low risk" result from standardized testing does not preclude a sexual predator adjudication. See State v. Purser (2003), 153 Ohio App.3d 144;State v. Colpetzer, Cuyahoga App. No. 79983, 2002-Ohio-967; State v.Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024. Specifically, "the psychological tests designed to indicate a sexual offender's propensity to reoffend, and the resulting risk level, must * * * not be blindly relied upon." State v. Purser, supra at ¶ 41.
 {¶ 24} Here, we do not believe the trial court clearly lost its way or created a manifest miscarriage of justice in adjudicating defendant a sexual predator. The court identified all of the factors listed in R.C. 2950 and concluded that defendant possessed a likely risk to recidivate. Specifically, the trial court noted that this was not an isolated incident, but a pattern of abuse with his natural son occurring over a five-year period. We find that the factors relied upon by the trial court, when taken together, are sufficient to support its conclusion by clear and convincing evidence.
 {¶ 25} The defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MICHAEL J. CORRIGAN, J.*, CONCUR
* Sitting by Assignment: Judge Michael J. Corrigan, Retired, of the Eighth District Court of Appeals.)