{¶ 1} Defendant-appellant Melton Buckley ("Buckley") appeals the decision of the trial court designating Buckley a sexual predator. Upon review of the record, we affirm.
 {¶ 2} The State charged Buckley with attempted rape with specifications, kidnapping with violence specifications, and gross sexual imposition. On March 26, 1991, Buckley pleaded guilty to attempted rape with specifications.
 {¶ 3} Buckley's convictions arise out of an incident in which he abducted an adult female off of a public street. Buckley physically forced the victim into a doorway of a nearby storefront, physically assaulted her, threatened her, and attempted to rape her. Onlookers then acted by rescuing the victim and physically restraining Buckley until the police arrived.
 {¶ 4} On April 22, 1991, the trial court sentenced Buckley to a term of nine to fifteen years for attempted rape with specifications, to run concurrently with an additional one-year term for aggravated assault in an unrelated case.
 {¶ 5} On February 23, 2006, the trial court conducted a H.B. 180 hearing. The court found by clear and convincing evidence that Buckley pleaded guilty to committing a sexually oriented offense and that he is likely to engage in sexually oriented offenses in the future. Thus, the trial court designated Buckley a sexual predator pursuant to R.C.2950.09. *Page 4 
 {¶ 6} Buckley argues in his single assignment of error that "[t]he trial court erred by designating the appellant as a sexual predator after its hearing."
 {¶ 7} A sexual predator is defined as, "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in one or more sexually oriented offenses in the future.State v. Robinson, Cuyahoga App. No. 87615, 2006-Ohio-5258.
 {¶ 8} The Court of Appeals, Eighth Appellate District, held the standard of review of sexual predator designation as follows:
 "[T]his court's role is to determine whether the weight of the evidence supports the trial court's decision. Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence. Moreover, this court must be mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact." (Citations omitted)
State v. Cook, Cuyahoga App. No. 87265, 2007-Ohio-625.
 {¶ 9} "In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine *Page 5 
whether sufficient evidence exists to satisfy the requisite degree of proof." State v. Travis, Cuyahoga App. No. 85958, 2005-Ohio-6019. A review of the entire record demonstrates that Buckley's sexual predator classification imposed by the trial court is supported by clear and convincing evidence.
 {¶ 10} R.C. 2950.09(B)(3) delineates the factors the trial court is to consider in determining whether or not a criminal defendant is a sexual predator:
 "(a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offenses for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the *Page 6 
 offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
However, not all factors need to be satisfied in order to designate a criminal defendant as a sexual predator. Specifically, our court recently held,
 "A trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator so long as its determination is grounded upon clear and convincing evidence. Furthermore, the court need not elaborate on its reasons for finding certain factors so long as the record includes the particular evidence upon which the trial court relied in making its adjudication." (Citations omitted.)
State v. Machado, Cuyahoga App. No. 87609, 2006-Ohio-6423. Applying R.C.2950.09(B)(3) to the facts of this case, multiple factors are satisfied such that there exists clear and convincing evidence supporting the trial court's decision to classify Buckley as a sexual predator. *Page 7 
 {¶ 11} Buckley is currently sixty-four years old. Therefore, Buckley was forty-eight years old when he committed attempted rape and aggravated assault in 1989.
 {¶ 12} Buckley's criminal history consists of the following: rape conviction in 1961, arrested and charged with rape in 1966 (subsequently dismissed), gross sexual imposition conviction in 1983, robbery conviction in 1983, aggravated assault and attempted rape convictions in 1991. Thus, four of Buckley's last five crimes charged against him were sexual in nature. In addition, Buckley's criminal record spans over a forty-year time frame.
 {¶ 13} The Court Psychiatric Clinic submitted a statement from Buckley with regard to the rape conviction in 1961, "[w]e offered a girl a ride home. We forced her to have sex. She was about 18, the same age as us." Tr. 15. Buckley served one year in prison for the rape in 1961.
 {¶ 14} Buckley stated, in relation to the rape charge in 1966, later dismissed, "I was at my job one night and a guy told me to take off with him. I joined him in his car. We were drinking beer and smoking marijuana. There were two girls in the car. I went with one of them. She screamed rape. She was 16 or 17 years old." Tr. 15. The trial court subsequently dismissed the charges for rape in 1966. *Page 8 
 {¶ 15} In relation to the conviction for gross sexual imposition in 1983, Buckley stated, "I wanted to spend more time in Cuyahoga County jail. I decided to do something bad, so I grabbed them corrections officers by the buttocks." Tr. 16.
 {¶ 16} The record reflects that Buckley did not attend any programs for sexual offenders. However, the record does not reveal whether Buckley chose not to attend available programs or if said programs were unavailable for participation.
 {¶ 17} Buckley is diagnosed with multiple mental illnesses, as reported in his 2005 Sexual Predator Evaluation, including: schizoaffective disorder, bipolar type; schizophrenia, undifferentiated, paranoid, disorganized type; bipolar disorder, depressed; organic mood disorder, substance-induced; malingering; adjustment disorder; psychotic behavior; and alcohol abuse. Buckley's IQ score is 74.
 {¶ 18} The nature of Buckley's sexual conduct that led to his 1991 conviction was violent. Buckley used force to physically evict a stranger off of a public street and into a doorway. Buckley then physically assaulted his victim, threatened her, and attempted to rape her, thwarted only by a passerby's intervention. *Page 9 
 {¶ 19} Buckley's Static 99 Report, conducted in 1991 made the following findings: Buckley is 33% likely to commit another sexual offense within five years, 38% more likely to commit another sexual offense in ten years, and 40% more likely to commit another sexual offense in fifteen years.
 {¶ 20} As to the rape committed in 1991: the victim was not underage, the crime did not involve multiple victims, and Buckley did not use drugs or alcohol to impair the victim.
 {¶ 21} Buckley argues that, "[t]he trial court's designation of the appellant as a sexual predator was against the manifest weight of the evidence." We disagree.
 {¶ 22} After review of the entire record, including Buckley's age, prior criminal history, violence specification, lack of treatment, mental illness, the Static-99 results and recidivism factors as applied to R.C. 2950.09(B)(3) factors, we find the trial court's classification of Buckley as a sexual predator is supported by competent, credible evidence. Multiple R.C. 2950.09(B)(3) factors weighed heavily in the trial court's determination to deem Buckley a sexual predator. Thus, Buckley's single assignment of error is overruled.
Judgment affirmed.
 It is ordered that appellee recover from appellant costs herein taxed. *Page 10 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR. *Page 1