JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Frederick Brooks (Brooks) appeals the decision of the Cuyahoga County Common Pleas Court designating him a sexual predator. Upon review of the record, we affirm.
 {¶ 2} On January 3, 2007, Brooks was indicted on thirty-three counts of rape, patient abuse, kidnapping, and gross sexual imposition. On May 4, 2007, Brooks pleaded guilty to four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1), and two counts of patient abuse, in violation of R.C. 2903.34, pursuant to a plea bargain agreement. The remaining counts were nolled by the State. At the time of the plea, the court notified Brooks that a House Bill 180 (H.B. 180) sexual predator classification hearing would proceed prior to his sentencing hearing. The court directed the court psychiatric clinic to examine Brooks and prepare a sexual predator evaluation for hearing. The court also directed the probation department to prepare a presentence investigation report.
 {¶ 3} Brooks' convictions arose out of offenses occurring between November 16, 2004 and December 4, 2004. Brooks was a forty-six-year-old, recently hired, maintenance worker at Rudwick Manor, a nursing home in Cleveland, Ohio. His multiple victims were female patients, ages 80, 62, 47, and 44. These women were confined to the nursing facility because of mental health issues and/or physical impairment. Given their various conditions, they were unable to leave the facility as they could not take care of themselves. The patients were vulnerable to the preying *Page 4 
nature of the abusive crimes committed by Brooks, a person who was in a position of trust. One of the victims was unable to walk and was confined to a wheelchair.
 {¶ 4} After the sexual predator hearing was conducted on June 21, 2007, the court sentenced Brooks to nine months of imprisonment on each count of gross sexual imposition and nine months of imprisonment for each count of patient abuse, to run concurrently.
 {¶ 5} Prior to the sentencing hearing on June 21, 2007, the trial court conducted a H.B. 180 hearing, which is the subject of the case sub judice. At the hearing, the trial court admitted into evidence the sexual predator evaluation, which included: Brooks' Static-99 score (Exhibit 1); the presentence investigation, including his criminal record (Exhibit 2); and the victim impact statement of A. D.,[1] one of the four victims.
 {¶ 6} Effective at the time of Brooks' conviction and sentencing, former R.C. 2950.01[2] defined a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). In the case sub judice, after considering the arguments of counsel, the trial court found by clear and convincing *Page 5 
evidence that Brooks pleaded guilty to committing a sexually oriented offense and that he is likely to engage in sexually oriented offenses in the future. Given this determination, based on a review of the factors set forth in then applicable R.C. 2950.09, the trial court designated Brooks a sexual predator.
 {¶ 7} Brooks asserts in his sole assignment of error that "[t]he trial court erred when it classified appellant as a sexual predator."
 {¶ 8} The applicable version of R.C. 2950.01(E) defined sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." The burden of proof is on the State to show by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in one or more sexually oriented offenses in the future. State v. Buckley, Cuyahoga App. No. 87950,2007-Ohio-1284, citing State v. Robinson, Cuyahoga App. No. 87615,2006-Ohio-5285.
 {¶ 9} The Supreme Court of Ohio has recently clarified the standard of review applicable to sex offender classifications:
 "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some *Page 6 competent, credible evidence." State v. Wilson, 113 Ohio St.3d, 382, 2007-Ohio-2202, at its syllabus.
 {¶ 10} "[A] judgment supported by `some competent, credible evidence going to all of the essential elements of the case' must be affirmed.* * * [T]he civil-manifest-weight-of-the-evidence standard affords the lower court more deference then does the criminal standard." Wilson at 388.
 {¶ 11} The applicable version of R.C. 2950.09(B)(3) sets forth various factors in determining whether an offender is a sexual predator, that is, whether the offender is more likely to commit another sexually oriented offense. It lists them as follows:
"(a) The offender's or delinquent child's age;
 (b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 (d) Whether the sexually oriented offenses for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 (e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional *Page 7 order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender or delinquent child;
 (h) The nature of the offender's or delinquent child's sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentences to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 12} However, not all factors need to be found in order to designate an offender a sexual predator. In State v. Twigg, Cuyahoga App. No. 88142, 2007-Ohio-1302, our court recently observed:
 "The court should discuss, on the record, the evidence and factors of R.C. 2950.09(B)(3) upon which it relied in making its determination as to the sexual offender classification. However, a trial court is not required to find a specific number of factors under R.C. 2950.09(B)(3) before it can adjudicate an offender a sexual predator, so long as its determination is grounded upon clear and convincing evidence. Furthermore, the court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication." Id. at ¶ 21. (Citations omitted.) *Page 8 
 {¶ 13} Applying R.C. 2950.09(B)(3) to the facts of this case, multiple factors are satisfied, and we find there is some evidence that Brooks is a sexual predator.
 {¶ 14} Despite the fact, as argued by Brooks, that he scored only a one on the Static-99 test and that his criminal record consisted of a sole OVI charge, our examination of the record discerns that there was competent and credible evidence supporting the trial court's findings that some of the codified factors of R.C. 2950.09(B)(3), set forth above, to wit: subsections (c), (d), (h), and (i), justify Brooks' designation as a sexual predator.
 {¶ 15} Multiple R.C. 2950.09(B)(3) factors weighed heavily in the trial court's determination to designate Brooks a sexual predator. After a review of the entire record, we find the trial court properly relied on several articulated factors set forth in the statute.
 {¶ 16} The trial court indicated that Brooks' age at the time of the offense was forty-six. The trial court also acknowledged that Brooks' sexually oriented offenses involved multiple victims and that his sexual contact or interaction in a sexual context was a part of a demonstrated pattern of abuse. Further, the trial court noted the cruelty involved in the commission of the sexually oriented offenses when Brooks, as an employee of a nursing home, preyed on mentally and physically challenged patients. He took advantage of their impaired mental and physical state, knowing that because they were in an institution they had no other place to reside. *Page 9 
 {¶ 17} We find the trial court's classification of Brooks as a sexual predator to be supported by some competent, credible evidence. Thus, Brooks' single assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR
[1] This court protects the identity of victims of sexual offenses.
[2] The version of R.C.2950.01(E) in effect on June 21, 2007, the date of Brooks' sexual predator hearing has been amended and recodified by S.B. 260, effective January 1, 2008 to R.C. 2950.01(K) and R.C. 2971.01. We refer to R.C. 2950.01(E) herein. *Page 1