JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Frank Gruttadauria appeals from the trial court's judgment ordering that he complete his term of incarceration in a federal prison, rather than in a federal halfway house. Because Gruttadauria was released from prison in March 2008, after serving both his federal and state sentences, his appeal is moot.
 {¶ 2} On March 31, 2004, Gruttadauria, a Cleveland stockbroker, entered into a plea agreement with plaintiff-appellee the State of Ohio regarding charges relating to Gruttadauria's long-standing and elaborate scheme to steal from his clients' brokerage accounts. On April 5, 2004, the trial court imposed the agreed-upon sentence of 54 months, as set forth in the plea agreement, to run concurrent with Gruttadauria's federal sentence and to be served in the custody of the United States Bureau of Prisons. The agreement specified that "under no circumstances" was Gruttadauria to be released from federal or state custody before March 10, 2008.
 {¶ 3} Gruttadauria subsequently filed a pro se motion in which he requested that the trial court cancel the state-issued detainer so that he would be eligible to participate in a federal transitional program. Gruttadauria told the court in his motion that participation in the program would not change his March 16, 2008 release date from federal prison and the trial court granted the motion.
 {¶ 4} On May 29, 2007, Gruttadauria was transferred from the federal Elkton Correctional Institution to Oriana House, a halfway house in Cleveland. Upon *Page 4 
learning that the federal Bureau of Prisons had recalculated Gruttadauria's release date to November 24, 2007, and that Gruttadauria was allowed to leave Oriana House every day to work at a job, had been permitted to visit his Gates Mills home over three weekends during June 2007, and allowed to attend to personal matters, including attending a graduation ceremony for his son, the county prosecutor requested the Cuyahoga County Sheriff to apprehend Gruttadauria and return him to the Cuyahoga County jail. After a hearing, in which Gruttadauria demanded that the State of Ohio "cease and desist" its interference with the federal court "community custody" sentence and that he be returned to the federal transitional program at Oriana House, the trial court ordered Gruttadauria transferred to Lorain Correctional Institution to serve out his remaining sentence. The trial court subsequently vacated this order, and ordered that Gruttadauria be returned to the custody of the federal Bureau of Prisons, where he served the remainder of his sentence in a federal correctional facility, rather than a halfway house.
 {¶ 5} In this appeal, Gruttadauria argues that the State's and trial court's actions in removing him from Oriana House violated his "substantial rights." He requests that this court "order appellee to cease and desist in the harassment and interference of appellant's service of his federal and state sentences while in community custody in a federal transitional program." Gruttadauria does not challenge his conviction; he asks only that we order him returned to Oriana House to serve out the remainder of his sentence. *Page 5 
 {¶ 6} Gruttadauria's appeal is moot, however, because he has finished serving his state and federal sentences and has been released from prison. Any appeal of a sentence already served is moot. State v.Bostic, Cuyahoga App. No. 84842, 2005-Ohio-2184, at ¶ 21, citingState v. Barcomb, Cuyahoga App. No. 80196, 2002-Ohio-4435; State v.Smith, Lake App. No. 2000-L-195, 2002-Ohio-1330; State v. Beamon, Lake App. No. 2000-L-160, 2001-Ohio-8712. An appeal challenging a felony conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v.Golston (1994), 71 Ohio St.3d 224, paragraph one of the syllabus. But where an individual challenges only the length of his sentence, or the manner of serving his sentence, there is no collateral disability or loss of civil rights that can be remedied after the sentence is completed. Beamon at ¶ 4.
 {¶ 7} Gruttadauria's appeal is therefore dismissed as moot.
It is ordered that appellee recover from appellant costs herein taxed.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
 JAMES J. SWEENEY, A.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1