[Cite as *State v. Jackson*, 2014-Ohio-820.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99804**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## HOWARD JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-492332

**BEFORE:** McCormack, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 6, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Daher
700 W. St. Clair Ave.
Suite 218
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Daniel T. Van
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Howard Jackson was convicted in 2007 of four counts of unlawful sexual conduct with a minor and classified as a sexual predator. Six years later, he filed a delayed appeal, claiming he should not have been sentenced to consecutive sentences or classified as a sexual predator. For the following reasons, we affirm the judgment of the trial court.

{¶2} Jackson, 18 at the time, engaged in consensual sexual conduct with a 14-year-old girl on multiple occasions between July and September 2006, eventually impregnating her. He was indicted for eight counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. Jackson pleaded guilty to Counts 1 through 4, and the state nolled the remaining counts.

{¶3} At the sex offender classification hearing on May 1, 2007, the state submitted a Court Psychiatric Clinic report as evidence, and also informed the court that Jackson had a juvenile record, including aggravated robbery and a prior sex offense, which he committed against a seven-year-old girl when he was 12. In addition to that prior offense, Jackson also admitted to engaging in sexual conduct with two other young females — his 13-year-old stepsister and a niece of his foster parents.

{¶4} The trial court sentenced Jackson to an 18-month prison term for each of the four counts of unlawful sexual conduct with a minor, to be served consecutively, for a

total of six years. Jackson has since completed his prison term and has been released from prison.

**{¶5}** On April 22, 2013, Jackson filed a delayed appeal. This court granted leave and appointed counsel for his appeal. He raises two assignments of error. In his first assignment of error, Jackson claims the trial court erred when it imposed consecutive sentences for his multiple counts of unlawful sexual conduct with a minor; he argues the court should have merged these offenses as allied offenses for sentencing purposes. Under the second assignment of error, Jackson argues the trial court erred in classifying him as a sexual predator without making the proper findings as required by R.C. 2950.09.

**{¶6}** Although neither the state nor appellant raises the issue of mootness, in light of Jackson's completion of his sentence, we must first determine whether his appeal is moot. As we explain in the following, Jackson's appeal regarding his sentence is moot, but his appeal regarding his sexual predator classification is not.

**{¶7}** "Any appeal of a sentence already served is moot." *State v. Gruttadauria*, 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 6, citing *State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶ 21. *See also State v. Barcomb*, 8th Dist. Cuyahoga No. 80196, 2002-Ohio-4435; *State v. Smith*, 11th Dist. Lake No. 2000-L-195, 2002-Ohio-1330; *State v. Beamon*, 11th Dist. Lake No. 2000-L-160, 2001-Ohio-8712.

**{¶8}** Our review of Jackson's first assignment of error shows that he does not claim he should not have been separately convicted of multiple offenses. Rather, he

only claims that, because his offenses are allied offenses, the trial court should have not imposed consecutive sentences for the multiple counts. Because Jackson only challenges the length of his sentence, the portion of his appeal regarding his consecutive sentence is moot, because he has finished serving his sentences and has been released from prison.[1]

{¶9} Regarding Jackson's second assignment of error, which challenges his sexual predator classification as result of his convictions of sexual offenses, this issue is not mooted by his having completed his prison term. "[W]here an individual challenges only the length of his sentence, or the manner of serving his sentence, there is no collateral disability or loss of civil rights that can be remedied after the sentence is completed." *Gruttadauria* at ¶ 6, citing *Beamon* at ¶ 4. However, as we explained in *Gruttadauria*, "[a]n appeal challenging a felony *conviction* is not moot even if the entire

---

[1]We note that, even if we were to consider Jackson's first assignment of error, his claim lacks merit. We first point out that Jackson's indictment contained eight "carbon copy" counts of unlawful sexual conduct with a minor between July and September 2006. "Carbon copy" counts violate due process as they fail to give a criminal defendant adequate notice of the particular charges. *State v. Hendrix*, 11th Dist. Lake No. 2011-L-043, 2012-Ohio-2832, ¶ 46, citing *Russell v. United States*, 369 U.S. 749, 763-764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). However, by voluntarily entering a guilty plea, Jackson waived his right to challenge any defects in the indictment. *State v. Moree*, 8th Dist. Cuyahoga No. 90894, 2009-Ohio-472, ¶ 21. Indeed, Jackson does not challenge a defect in the indictment, rather, he claims his multiple counts are allied offenses and should have been merged. Offenses are "allied" if the defendant's conduct is such that "a single act could lead to the commission of separately defined offenses, but those separate offenses were committed with a state of mind to commit only one act." *State v. Thompson*, 8th Dist. Cuyahoga No. 99628, 2014-Ohio-202, ¶ 18, citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 48-50. Here, it is undisputed that Jackson engaged in sexual activities with the victim on multiple occasions. His conduct cannot be described as "a single act" leading to "the commission of separately defined offenses." Jackson's first assignment of error lacks merit even if we were to consider it.

sentence has been served before the appeal is heard, because '[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her.'" (Emphasis added.) *Gruttadauria*, quoting *State v. Golston*, 71 Ohio St.3d 224, 643 N.E.2d 109 (1994), paragraph one of the syllabus. Because Jackson suffers the collateral consequence of his convictions of sex offenses, his appeal regarding the sexual predator classification stemming from his convictions is not mooted by the completion of his sentence, and we will address it.

{¶10} Under the second assignment of error, Jackson claims the trial court erred in classifying him as a sexual predator without making the proper findings required by R.C. 2950.09.

{¶11} Jackson was classified as a sexual predator under the version of R.C. Chapter 2950 then in effect, commonly referred to as "Megan's Law," also known as House Bill 180.[2] "Under Megan's Law, offenders who had committed a sexually

---

[2]We note that in January 2008, Ohio's Adam Walsh Act (S.B. No. 10) went into effect, repealing Megan's Law and altering the classification, registration, and notification scheme of convicted sex offenders. Under the new classification scheme, the Ohio Attorney General is authorized to determine the classification of each offender under a three-tiered system. Designations such as "sexual predator" no longer exist, nor do the hearings required under former R.C. 2950.09. Rather, sex offenders are classified by the Attorney General solely on the basis of the offense for which they have been convicted. *State v. Clay*, 177 Ohio App.3d 78, 2008-Ohio-2980, 893 N.E.2d 909, ¶ 6 (1st Dist.).

oriented offense that was not registration-exempt were labeled a sexually oriented offender, a habitual sexual offender, or a sexual predator based upon the crime committed and the findings made by the trial court at a sexual-offender classification hearing." *State v. Green*, 1st Dist. Hamilton No. C-090650, 2010-Ohio-4371, ¶ 1, citing *Clay.*

{¶12} Under Megan's Law, the state must prove that an offender is a sexual predator by clear and convincing evidence. *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 20. Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id*. Clear-and-convincing standard requires a higher degree of proof than "a preponderance of the evidence," but less than "beyond a reasonable doubt." *Id*.

{¶13} Former R.C. 2950.09(B)(3) listed ten factors for a court to consider in determining whether a sexual offender is a sexual predator.

> The factors include (1) the offender's age, (2) the offender's criminal record, (3) the age of the victim, (4) whether there were multiple victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence, and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) whether the offender has a mental illness or disability, (8) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's actions.

*Wilson* at fn. 1, citing R.C. 2950.09(B)(3)(a) through (j).

**{¶14}** However, "a court has discretion to determine what weight, if any, it will assign to each factor, and under R.C. 2950.09(B)(3)(j) may consider other 'characteristics that contribute to the offender's conduct.'" *Wilson* at ¶ 19, quoting *State v. Thompson*, 92 Ohio St.3d 584, 752 N.E.2d 276 (2001), paragraph one of the syllabus.

> In determining whether an offender convicted of a sexually-oriented offense was a sexual predator, the trial court had to consider the evidence under the legislative guidelines set forth in [former] R.C. 2950.09(B)(3). No requisite number of factors, however, had to apply before a trial court could find that an offender was a sexual predator. The trial court, moreover, could place as much or as little weight on the factors as it deemed appropriate. Furthermore, the trial court was not required to list the criteria, but was only required to consider all the criteria and guidelines under R.C. 2950.09(B)(3). The trial court, however, had to articulate sufficient findings on the record to demonstrate an offender's likelihood of recidivism.

(Citations omitted.) *Clay,* 177 Ohio App.3d 78, 2008-Ohio-2980, 893 N.E.2d 909, at ¶ 5.

**{¶15}** This court has also stated that "not all factors need to be found in order to designate an offender a sexual predator." *State v. Brooks*, 8th Dist. Cuyahoga No. 90171, 2008-Ohio-3096, ¶ 12. "[T]he court need not elaborate on its reasons for finding certain factors as long as the record includes the particular evidence upon which the trial court relied in making its adjudication." *State v. Twigg*, 8th Dist. Cuyahoga No. 88142, 2007-Ohio-1302, ¶ 21, citing *State v. Eppinger*, 91 Ohio St.3d 158, 166, 743 N.E.2d 881 (2001), and *State v. Machado*, 8th Dist. Cuyahoga No. 87609, 2006-Ohio-6423.

**{¶16}** We review sex-offender-classification proceedings under a manifest-weight-of-the-evidence standard and will affirm the trial court if the court's

findings are supported by some competent, credible evidence. *Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 41.

**{¶17}** Here, our review of the transcript of the sex offender classification hearing shows that the trial court articulated sufficient findings on the record to demonstrate Jackson's likelihood of recidivism. The court emphasized the victim's young age, his juvenile adjudication of a prior sex offense committed against a seven-year-old when he was 12. The court also found significant his poor scoring under STATIC-99, a scoring system estimating recidivism of sex offenders. Based on these factors, the court stated that it found by clear and convincing evidence that Jackson was very likely to commit future sexually-oriented crimes. Contrary to Jackson's claim, the court is not required to enumerate all statutory factors in finding Jackson to be a sexual predator. Because the record contains competent, credible evidence to support the trial court's finding that the state proved by clear and convincing evidence that Jackson is a sexual predator, we affirm the trial court's classification. *Wilson* at ¶ 42. The second assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR, P.J., and
EILEEN T. GALLAGHER, J., CONCUR