[Cite as *Parma v. Schrader*, 2014-Ohio-2060.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100369

---

# CITY OF PARMA

## PLAINTIFF-APPELLEE

## vs.

# BARBARA A. SCHRADER

## DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Parma Municipal Court
Case Nos. 13 CRB 520 and 13 CRB 521

**BEFORE:** Jones, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 15, 2014

**ATTORNEY FOR APPELLANT**

David M. Watson
137 S. Main Street
Suite 300
Akron, Ohio 44308


**ATTORNEYS FOR APPELLEE**

Timothy G. Dobeck
City Law Director
Boyko, Dobeck & Weaver
7393 Broadview Road
Suite A
Seven Hills, Ohio 44131

BY:   Kristen L. Sobieski
Assistant City Prosecutor
6611 Ridge Road
Parma, Ohio 44129

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Barbara Schrader appeals her theft convictions that were rendered after a jury trial in the Parma Municipal Court.   We affirm.

## I.   Procedural History and Facts

{¶2} In January 2013, two complaints were filed against Schrader in the municipal court; each complaint charged her with one count of theft in violation of Parma Codified Ordinances 642.02.   The complaints alleged that the thefts occurred at the Ridgewood Road Walmart in Parma, one on November 9, 2012, and the other on December 28, 2012.

{¶3} A jury trial was had on both complaints.   At the conclusion of the city's case, Schrader moved for a Crim.R. 29 acquittal; the motion was denied.   Schrader testified and presented a witness.   At the conclusion of her case, Schrader renewed her Crim.R. 29 motion that was again denied.   After its deliberations, the jury found Schrader guilty of both counts.

{¶4} The trial court amended the charges, without objection, from being a violation of the Parma Codified Ordinances, to being violations of the Ohio Revised Code, specifically, R.C. 2913.02.   The court sentenced her to 180 days of jail time in the Cuyahoga County Jail, and suspended 150 days.   The court also placed Schrader on 24 months of probation, with 12 months being active.

{¶5} The following trial testimony gave rise to the charges and convictions.   The city presented two witnesses: Melissa Evcic, a Walmart asset protection manager, and Edward Pinc, a Parma police officer.

{¶6} Evcic testified that her job as an asset protection manager at Walmart included

conducting investigations into internal and external thefts from the store. It was the store's policy that if a cashier needed change, the cash would be transported by a customer service manager from the register to a podium located at the front of the store; the cash was always required to be transported in a blue zippered bag. If the cash box at the podium needed change, the customer service manager would transport the cash from the podium in a blue zippered bag to the cash office.

{¶7} Evcic testified that the amount of cash from the cash registers is input to a computer, which would compare the entered amount to the amount of sales, and indicate any discrepancy. A daily report was generated, and if that report indicated a cash shortage, Evcic would be notified by email.

{¶8} The email Evcic would receive would indicate the amount of the shortage from a particular cash register. Evcic would obtain a list of all the cash transactions for the day in question and then review the entire day's video surveillance relative to the cash register in question.

{¶9} In August 2012, Evcic began investigating cash shortages that had occurred at the Ridgewood Road store. Specifically, there had been approximately 20 shortages, each one varying between $20 and $100. Evcic reviewed the video surveillance for the cash registers in question, and did not observe any suspicious activity on the part of the cash register operators. She, therefore, expanded her investigation to include additional employees who also handle the cash.

{¶10} Schrader was a customer service manager and, therefore, as part of her job

duties, she transferred money to and from the cash registers to the podium or from the podium to the cash office. Schrader was identified as a person of interest during Evcic's expanded investigation. Evcic reviewed the video surveillance of Schrader on November 9 and December 28, 2012, and saw Schrader "palming" money. "Palming" is when a person "rolls" money into her palm to conceal it.

{¶11} In regard to the November 9 incident, Evcic testified that a cashier at the customer service desk requested change. Schrader opened the cash register, took some money out, exchanged money with the cashier, and walked away with the money folded in her hand under a palm pilot, rather than in the required blue zippered bag. Evcic testified that there are areas in the store that are not covered by surveillance; the cameras did not capture Schrader after that encounter.

{¶12} Evcic testified that the surveillance video of the December 28 incident showed a similar occurrence of Schrader getting money out of a cash register and carrying it concealed in her hand rather than in the required bag. Available bags were depicted in the video.

{¶13} On January 24, 2013, an asset protection assistant interviewed Schrader with Evcic present. Schrader denied stealing any money, but admitted that on other occasions she had transported money in her pockets, in violation of the store's policy.

{¶14} Officer Edward Pinc from the Parma police department responded to the scene. He reviewed the video surveillance, and after doing so, detained Schrader. Schrader also denied to the officer that she had stolen money. Schrader offered no

explanation for her actions in not using the required bag or putting the money under a palm pilot.

{¶15} The video surveillance from the two dates in question was played for the jury.

{¶16} In her testimony, Schrader admitted that she did not follow the protocol for transporting money in the store, but denied taking any money from Walmart. She testified that she used the palm pilot to conceal the money from the customers in the store, but not to conceal it for any other purpose. Schrader further testified that the zippered bags seen in the video were for "loan" money, not "change" money. She testified that because of the "fast pace," she and other managers routinely carried the store's cash in their hands.

{¶17} On this evidence, the jury found Schrader guilty of both counts of theft. Schrader now raises the following assignments of error for our review:

> [I.] The admission of Melissa Evcic's testimony regarding the internal Walmart email concerning cash shortages violated Ms. Schrader's constitutional right to confront the witnesses against her as guaranteed by the 6th Amendment to the United States Constitution.

> [II.] The trial [court] erred to the prejudice of Barbara Schrader when it admitted, over objection, hearsay testimony regarding the cash shortages at the Ridgewood Road Walmart.

> [III.] The trial court erred to the prejudice of Barbara Schrader when it admitted, over objection, the testimony of Melissa Evcic who had no personal knowledge regarding the cash shortages at the Ridgewood Road Walmart.

> [IV.] There was insufficient evidence to convict Barbara Schrader of two counts of theft in violation of Parma Municipal Code 642.02.

[V.] When Barbara Schrader was charged with a violation of the Parma Municipal Code Section 642.02, the trial court erred in finding her guilty of Ohio Revised Code Section 2913.02.

## II. Law and Analysis

**Testimony about the Email**

**{¶18}** The email about the cash shortages that Evcic testified to receiving was from an unnamed source and was not admitted into evidence. In her first assignment of error, Schrader contends that Evcic's testimony about the email, a "document whose existence was never confirmed," amounted to "testimonial references," which was "by definition and use inadmissible hearsay" and in violation of Schrader's right to confront witnesses used against her.

**{¶19}** In her second assignment of error, Schrader contends that the city failed to establish that Evcic's testimony about the email was subject to the business records hearsay exception.

**{¶20}** Schrader objected to Evcic's testimony, and in her Crim.R. 29 motion made at the close of the city's case, she argued that the court should exclude the whole of Evcic's testimony because it was based on the email informing her that registers were short, but she had no personal knowledge of that. The city contended that the email was a business record, and the court agreed.

**{¶21}** This case presents somewhat differently than the usual case where a claim of the business records exception to the general ban on hearsay is at issue because, as pointed out by Schrader, the claimed business record (the email) was never produced. We first

consider that situation, which implicates the best evidence rule.

**{¶22}** The best evidence rule as set forth in Evid.R. 1002, provides as follows:

To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio.

**{¶23}** 29 American Jurisprudence 2d, Evidence,  Section 449, at 510 (      ).

explains the best evidence rule as follows:

The best evidence rule has no application to a case where a party seeks to prove a fact which has an existence independently of any writing; he may do so by oral testimony, even though the fact has been reduced to, or is evidenced by, a writing.  Nor is it contrary to the best evidence rule that oral testimony of a fact in issue may be primary evidence thereof, although there is written evidence of the same fact, where the essential fact to be proved is neither the existence nor the contents of the writing, but the existence of the independent fact itself, to which the writing is merely collateral or incidental.

**{¶24}** In *Gennaro Pavers, Inc. v. Kosydar*, 7th Dist. Mahoning No. 72 C. of A. 63, 1973 Ohio App. LEXIS 1951 (Aug. 15, 1973), the Seventh Appellate District stated the following:

"* * * The principle that the best evidence of which the case in its nature is susceptible, and which is within the power of the parties to produce, or is capable of being produced, must always be adduced in proof of every disputed fact is an elementary principle of the law of evidence; and, in a broad sense, embraces within its application every issue that may be in controversy; but in modern practice it is generally confined to the substitution of oral testimony in proof of an existing document.  If the content of the written document is in issue or if the very existence of the document itself is in controversy, the document must be produced or its absence accounted for.  But the rule has never been extended to require evidence of facts that may as well be established by oral testimony; that is to say, *oral testimony of a fact in issue may be primary evidence of the fact, although there be in existence written evidence of the same fact*, and, where

the essential fact to be proved is neither the existence nor the contents of the writing, but some independent fact to which the writing is merely incidental, the writing need not be produced but the proof may be adduced by oral testimony. * * *."

(Emphasis sic.) *Id.* at *6-*7, quoting *Catlin v. Justice*, 288 Ky. 270, 276, 156 S.W.2d 107 (Nov. 11, 1941).

**{¶25}** Here, Evcic's testimony about the email was to prove a fact that existed independently of the actual email: whenever there were cash shortages in the drawers Evcic was notified by email. Evcic's testimony about the email was to explain how it was that she began investigating the shortages. Her oral testimony about the store's procedures when shortages occur was primary evidence of the procedures, irrespective of the email. Schrader had a full and fair opportunity to cross-examine Evcic on her investigatory process. Thus, no error occurred based on the city's lack of production of the email.

**{¶26}** Moreover, the business records exception under Evid.R. 803(6) "concerns the introduction of the documents themselves, not oral testimony * * *."[1] *State v. Cicerchi*, 182 Ohio App.3d 753, 2009-Ohio-2249, 915 N.E.2d 350, ¶ 52 (8th Dist.).

**{¶27}** In light of the above, we find that the trial court properly allowed Evcic's testimony, albeit for reasons other than as a business records exception. The first and second assignments of error are overruled.

---

[1] The business records exception to hearsay contemplates "memorandum, report, record, or data compilation." Evid.R. 803(6).

**Evcic's Testimony vis-a-vis her Personal Knowledge**

{¶28} For her third assignment of error, Schrader contends that Evcic's testimony about how much was missing from the cash registers was improper because Schrader did not have personal knowledge of same, as required under the business records exception.

{¶29} As already discussed, the business records exception does not apply here. The testimony regarding the email was proper to show how Evcic's investigation began. Further, any testimony regarding amounts of the loss referenced in the email was harmless. Schrader was charged and convicted of first-degree misdemeanor theft, which required that the city prove that she, with purpose to deprive Walmart of its property, knowingly obtained or exerted control over its property without the store's consent. Her crimes were not enhanced based on the amount of the thefts. Thus, in this case, any reference to the amounts in the email was immaterial. *See* Parma Codified Ordinances 642.02(a) and (b); *see also* R.C. 2913.02.

{¶30} In light of the above, the third assignment of error is overruled.

**Sufficiency of the Evidence**

{¶31} For her fourth assigned error, Schrader contends that the evidence was insufficient to support a theft conviction.

{¶32} "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e., "whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1433 (6th

Ed.1990). Essentially, "sufficiency is a test of adequacy," that challenges whether the state's evidence has created an issue for the trier of fact to decide regarding each element of the offense. *Id.*

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the sufficiency of the evidence to support a criminal conviction,

> [t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Jenks* at *id.*

{¶33} Parma Codified Ordinances 642.02 governs theft and provides that

> [n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent * * *.

{¶34} Schrader contends that the city presented evidence (through the email) that shortages occurred, but there was "absolutely no evidence in the record below that the Walmart Store on Ridgewood Road was deprived of any money attributed to the actions of Barbara Schrader." We disagree.

{¶35} After being alerted to the cash shortages, Evcic began her investigation into them, and through the process, narrowed Schrader as a suspect. In identifying Schrader as a suspect, Evcic reviewed the surveillance from the two dates in question and observed

Schrader "palming" money. Officer Pinc also viewed the surveillance video and observed the "palming." This evidence, if believed, was sufficient to sustain the convictions.

{¶36} In light of the above, the fourth assignment of error is overruled.

**Finding of Guilt under the Ohio Revised Code**

{¶37} Schrader was charged with violating Parma Codified Ordinances 642.02, but the charges were amended, without objection, to a violation of R.C. 2913.02. After being found guilty, Schrader was sentenced to the Cuyahoga County Jail. In her fifth assignment of error, Schrader contends that the amendment of the charges was improper.

{¶38} Under Crim.R. 52(B), errors that were not brought to the attention of the trial court are reviewed for plain error. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶39} Upon review, we find that no plain error occurred. Under Crim.R. 7, misdemeanors can be charged by indictment, information, or complaint, and "may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Crim.R. 7(B).

{¶40} Petty theft under Parma Codified Ordinances 642.02 and R.C. 2913.02 are the same. Therefore, there was no error in terms of notice to Schrader of the crimes of

which she was charged. Moreover, the jury found her guilty of theft, without notation as to whether it was under the city's ordinances or the Ohio Revised Code. Further, contrary to Schrader's contention, petty theft under Parma Codified Ordinances 642.02 is not a lesser included offense of petty theft under the Ohio Revised Code.

{¶41} Finally, Schrader contends that, because of the amendment, she was confined to the county jail instead of the city jail. "Any appeal of a sentence already served is moot." *State v. Gruttadauria,* 8th Dist. Cuyahoga No. 90384, 2008-Ohio-3152, ¶ 6, citing *State v. Bostic*, 8th Dist. Cuyahoga No. 84842, 2005-Ohio-2184, ¶ 21; *see also State v. Jackson*, 8th Dist. Cuyahoga No. 99804, 2014-Ohio-820, ¶ 7. Schrader has already served her sentence and, therefore, her alleged error in regard to it is moot.

{¶42} The fifth assignment of error is, therefore, overruled.

{¶43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR